## HEBRON *against* MARLBOROUGH.

Where it was provided in the act incorporating the town of *M.*, taken partly from the town of *H.*, that *M.* should take its full proportion of the then poor of *H.*, and it was afterwards agreed between the two towns, that *M.* should take *A.* and *B.* as its full proportion of such poor; it was held, that *M.* was not thereby made liable for the support of *A.'s* wife, after his death.

*November 3.*

THIS was an action of *assumpsit* for the support of *Ruth Hutchinson,* a pauper, founded on the following agreement: "At a meeting of the select-men of *Hebron* and *Marlborough,* at the dwelling-house of *Elisha Buell* in said *Marlborough,* for the purpose of dividing the poor of the town of *Hebron,* according to an act of the general assembly of *October* session, 1803, we, the subscribers, have made the following agreement, *viz.* That the town of *Marlborough* shall support *Moses Hutchinson* and *Phebe Davis* as and for its full proportion of said poor: said town of *Marlborough* is to take the said *Moses* and *Phebe* on the 17th day of *January* instant. In witness whereof, we have hereunto set our hands, this 6th day of *January,* 1804." [Signed by the select-men of *Hebron* and *Marlborough,* respectively.] The provision, referred to, in the act of incorporation, was as follows: "And said town of *Marlborough* shall pay its proportion of all charges, expenses and debts, already accrued by, and now due from, the towns of *Glastenbury, Hebron* and *Colchester,* and take all its proportion of the present poor of said towns." At the date of the agreement, *Moses Hutchinson* was married to, and lived with *Ruth Hutchinson;* both being inhabitants of the town of *Hebron.* They continued to live together, until his death, about six years afterwards. On the 1st of *January,* 1818, she

Tolland,
November,
1819.

Hebron
*v.*
Marlborough.

went to *Hebron;* where she resided, became poor and sick, and was supported by that town, not having married again, or changed her place of settlement. A case embracing these facts, was stated for the opinion of all the Judges, on the question whether the plaintiffs were entitled to recover.

*Goddard,* for the plaintiffs, contended, that the agreement of the town of *Marlborough* to take the husband, as one of their paupers, and to provide for his support, extended, by necessary implication, to the wife.

*Stearnes,* for the defendants, remarked, that by the act of incorporation, the town of *Marlborough* were made liable for the support of no paupers belonging to the town of *Hebron,* except such as were *then* paupers; and the agreement created no new liability, its object being merely to ascertain the *proportion.* *Ruth Hutchinson* might then have been in good health, and capable of providing for herself, although her husband was a pauper. He contended, that in relation to support, husband and wife are not one; that an agreement to support *one* person, could not be construed as an agreement to support *two* persons. Admitting, however, that the agreement extended to the wife, as a part of the husband's family, during his life, yet it could not operate *after his death.*

Further, the act of incorporation subjected the town of *Marlborough* for the support of only their *proportion* of the paupers. They agreed to take *Moses Hutchinson* and *Phebe Davis,* as the full amount of that proportion. Now, can another pauper be superadded?

HOSMER, C. J. The society of *Marlborough,* in *October,* 1803, comprising a part of *Hebron, Colchester,* and *Glastenbury,* were incorporated as a town,; and were to take their proportion of the present poor of the said towns. The select-men of *Hebron* and *Marlborough,* to effectuate this object, entered into an agreement; and the defendants, stipulated to "support *Moses Hutchinson* and *Phebe Davis* as and for their full proportion of said poor." *Moses Hutchinson* is dead, and his widow, *Ruth,* is a pauper, and has occasioned expense to the plaintiffs; for the reimbursement of which, they have brought their action on the above agreement. It is self-evident, that *Moses Hutchinson* was not *Ruth Hutchinson,* and that the agree-

ment, in the words of it, did not stipulate for her mainte- *Tolland, November, 1819.* nance. 'I am at a loss to conceive on what principle it can plausibly be contended, that she was within the object or spir- *Hebron v. Marlborough.* it of the agreement. If *Ruth* was to have been embraced in it, she would have been named. The principle of construction, which extends the contract to *Ruth*, must equally comprise the children of *Moses Hutchinson*, in opposition to the plain expression of the agreement, which declares, that *Moses Hutchinson* and *Phebe Davis* were the *full* proportion of poor, which *Marlborough* ought to support.

In short, the agreement of the defendants, neither in its words nor object, extends to *Ruth Hutchinson;* and the supposition is opposed to its explicit provisions. The support of *Moses* and *Ruth* may have been, and undoubtedly was, more than the proportion of the poor devolving on *Marlborough;* and there is no more ground to construe the contract as extending to *her,* than if an individual had agreed to maintain *Moses Hutchinson.*

The other Judges were of the same opinion, except PETERS, J. who gave no opinion, being interested as the owner of real estate in the town of *Hebron.*

Judgment to be entered for defendants.